1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      David W. Quinto (Bar No. 106232)
2     davidquinto@quinnemanuel.com
      Rachel L. Fiset (Bar No. 240828)
3     rachelfiset@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
5  Facsimile:   (213) 443-3100

6     James D. Judah (Bar No. 257112)
      jamesjudah@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111-4624
8  Telephone:   (415) 875-6600
   Facsimile:   (415) 875-6700

9
   Attorneys for Academy of Motion Picture
10 Arts and Sciences

11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15

16 | ACADEMY OF MOTION PICTURE          | CASE NO. C 09-04899-SC
17 | ARTS AND SCIENCES, a California     |
   | nonprofit corporation,              | **STIPULATION FOR FILING OF**
18 |                                     | **FIRST AMENDED COMPLAINT**
   |            Plaintiff,                | **AND [~~PROPOSED~~] ORDER**
19 |                                     |
   |       v.                            |
20 |                                     |
   | BRICE CARRINGTON, an individual;    |
21 | and DOES 1-10, inclusive,           |
   |                                     |
22 |            Defendants               |

23

24                                        Complaint Filed: October 14, 2009

25

26

27

28

1

2     IT IS HEREBY STIPULATED by and between the parties hereto through

3  their respective attorneys of record that Plaintiff may file an Amended Complaint, a

   copy of which is attached hereto.

4     IT IS FURTHER STIPULATED that the defendant waives notice and service

5  of the amended complaint, and that defendant's response or answer shall be due 20

6  days after the filing of this stipulation.

7

8

9

10 DATED:  December 2, 2009      Respectfully submitted,

11                              QUINN EMANUEL URQUHART OLIVER &
                                HEDGES. LLP
12

13

14                              By /s/ David W. Quinto
                                   David W. Quinto
15                                 Attorneys for Plaintiff
                                   Academy of Motion Picture Arts and
16                                 Sciences

17

18

19 DATED:  December 2. 2009      Brice Carrington

20

21                              By /s/ Brice Carrington
                                   Brice Carrington
22                                 Pro Se

23

24

25

26

27

28

1    PURSUANT TO STIPULATION, Plaintiff is granted leave to file the

2  proposed First Amended Complaint.

3    IT IS SO ORDERED.

4

5  DATED:   12/3/09

6

7  _____

8  SAMUEL
   United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-                        Case No. C 09-04899 SC
STIPULATION TO FILE FIRST AMENDED COMPLAINT

1      I, David W. Quinto, am the ECF user whose identification and password are

2   being used to file this stipulation.  In compliance with General Order 45.X.B, I

3   hereby attest that the other signatory has concurred in this filing.

4   DATED:  December 2, 2009          Respectfully submitted,

5                                     QUINN EMANUEL URQUHART OLIVER &
6                                     HEDGES. LLP

7

8                                     By /s/ David W. Quinto
                                      David W. Quinto
9                                     Attorneys for Plaintiff
                                      Academy of Motion Picture Arts and
10                                    Sciences

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    David W. Quinto (Bar No. 106232)
      davidquinto@quinnemanuel.com
      Rachel L. Fiset (Bar No. 240828)
3    rachelfiset@quinnemanuel.com
      865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
5  Facsimile:   (213) 443-3100

6    James D. Judah (Bar No. 257112)
      jamesjudah@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111-4624
8  Telephone:  (415) 875-6600
   Facsimile:   (415) 875-6700

9
   Attorneys for Academy of Motion Picture
10 Arts and Sciences

11

12               UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15

16 ACADEMY OF MOTION PICTURE          CASE NO. 3:09-cv-4899-SC
   ARTS AND SCIENCES, a California
17 nonprofit corporation,             **FIRST AMENDED COMPLAINT
                                      FOR COPYRIGHT
18            Plaintiff,              INFRINGEMENT**

19       v.                          **DEMAND FOR JURY TRIAL**

20 BRICE CARRINGTON, an individual;
   DAVIDSON & LICHT JEWELRY
21 CORPORATION, a California
   corporation; VARNA PLATINUM,
22 INC., a California corporation; JON
   LICHT, an individual; GABI
23 CHIVIDJIAN, an individual; and
   DOES 5-10, inclusive,
24
             Defendants
25

26

27

28

1          Plaintiff Academy of Motion Picture Arts and Sciences (the

2  "Academy") complains of defendants and alleges:

3                       Jurisdiction and Venue

4        1.     This action arises under the copyright laws of the United States,

5  Title 17, United States Code.  This Court has federal question jurisdiction under

6  28 U.S.C. §§ 1331 and 1338(a).  Venue lies in this district under 28 U.S.C.

7  §§ 1391(b) and 1400(a).

8                    Intradistrict Assignment

9        2.     Because this action is an Intellectual Property Action within the

10  meaning of Civil Local Rule 3-2(c), the action is to be assigned on a district-wide

11  basis.

12                     Nature of Action

13        3.     In this action, the Academy seeks injunctive relief and damages

14  for acts of copyright infringement willfully committed by Defendants in violation of

15  the laws of the United States.

16                             Parties

17        4.     The Academy is, and at all times herein mentioned was, a

18  nonprofit corporation organized and existing under the laws of the State of

19  California, with its principal place of business in Los Angeles County, California.

20        5.     The Academy is informed and believes, and on that basis alleges,

21  that defendant Brice Carrington ("Carrington") resided from 2001 through

22  December 2006 in the County of Alameda, State of California, during which time he

23  initiated the unlawful activities complained of herein.  Specifically, he engaged

24  defendants Jon Licht, Davidson & Licht Jewelry Corporation, Varna Platinum, Inc.,

25  and Gabi Chividjian, to engage in willful acts of copyright infringement in

26  furtherance of an illegal scheme to defraud investors.  The scheme depended on

27  Carrington's acquisition and private, secret use of copies of the Academy's

28  internationally famous "©Oscar®" statuette that he falsely claimed to have won.

1  Carrington concealed this scheme from the Academy such that the Academy could
2  not, and did not, discover it until August, 2009.

3          6.      Defendant Davidson & Licht Jewelry Corporation ("Davidson &
4  Licht") is, on information and belief, a corporation organized and existing under the
5  laws of the state of California, with its principal place of business in Walnut Creek,
6  California. Upon the filing of the Complaint, the Academy, being ignorant of the
7  nature, extent and scope of involvement and complicity of Davidson & Licht in the
8  conduct alleged therein and having designated Davidson & Licht in the Complaint
9  as Doe 1 and having discovered its involvement and complicity, the Academy
10 hereby amends its Complaint by substituting Davidson & Licht for the fictitiously
11 named Doe 1.

12          7.      Defendant Varna Platinum, Inc. ("Varna") is, on information and
13 belief, a corporation organized and existing under the laws of the state of California,
14 with its principal place of business in Los Angeles, California. Upon the filing of
15 the Complaint, the Academy, being ignorant of the nature, extent and scope of
16 involvement and complicity of Varna in the conduct alleged therein and having
17 designated Varna in the Complaint as Doe 2 and having discovered its involvement
18 and complicity, the Academy hereby amends its Complaint by substituting Varna
19 for the fictitiously named Doe 2.

20          8.      Defendant Jon Licht ("Licht") is, on information and belief, the
21 owner of Davidson & Licht and resides in Walnut Creek, California. Upon the
22 filing of the Complaint, the Academy, being ignorant of the nature, extent and scope
23 of involvement and complicity of Licht in the conduct alleged therein and having
24 designated Licht in the Complaint as Doe 3 and having discovered his involvement
25 and complicity, the Academy hereby amends its Complaint by substituting Licht for
26 the fictitiously named Doe 3.

27          9.      Defendant Gabi Chividjian ("Chividjian") is, on information and
28 belief, the general manager of Varna who resides in Los Angeles County,

1  California.  Upon the filing of the Complaint, the Academy, being ignorant of the

2  nature, extent and scope of involvement and complicity of Chividjian in the conduct

3  alleged therein and having designated Chividjian in the Complaint as Doe 4 and

4  having discovered his involvement and complicity, the Academy hereby amends its

5  Complaint by substituting Chividjian for the fictitiously named Doe 4.

6        10.    The true names and capacities of the defendants sued herein as

7  Does 5 through 10, inclusive, are not known to the Academy, and the Academy

8  therefore sues said defendants by such fictitious names.  The Academy will amend

9  this Complaint to allege their true names and capacities when the same are

10  ascertained.

11  <u>Factual Background</u>

12        11.    The Academy was founded in 1927 by a now legendary group of

13  36 film industry leaders for the purposes, *inter alia,* of advancing motion picture arts

14  and sciences and promoting cultural, educational, and technological progress.  As

15  part of its effort, the Academy formally recognizes persons who make outstanding

16  contributions in their respective creative fields.  Thus, the Academy holds annual

17  Academy Awards® ceremonies, during which it confers its Academy Award of

18  Merit, known to the public as the "Oscar," in over 20 categories of achievement.

19        12.    The Academy has registered the "©Oscar®" statuette as a work

20  of art with the Copyright Office of the United States of America.  A true and correct

21  copy of the Certificate of Registration, No. G 38512, is attached as Exhibit A and,

22  by this reference, is incorporated herein as though set forth at length.  The Academy

23  has also renewed the registration of its copyright in the "©Oscar®."  A true and

24  correct copy of the Certificate of Registration of a Claim to Renewal of Copyright,

25  No. R 443432, is attached as Exhibit B and, by this reference, is incorporated herein

26  as though set forth at length.  The Academy's copyright in the "©Oscar®" is valid

27  and subsisting.

28

-4-

1          13.    Winners of the Academy Award of Merit are given copies of the

2  "©Oscar®" statuette in recognition of their achievements in motion picture making.

3  The copies of the "©Oscar®" statuette are given subject to certain restrictions,

4  including prohibitions against the sale, transfer, or copying of the statuette.  The

5  Academy has never distributed, or offered to distribute, copies of the "©Oscar®"

6  statuette to the public.

7          14.    When the Academy has commissioned the production of

8  "©Oscar®" statuettes, such production has always been performed exclusively for

9  the Academy.  The manufacturer has never been permitted to copy the statuette for

10  delivery to any other person or entity.

11                  Defendants' Infringement

12          15.    On August 4, 2009, Carrington was criminally charged with wire

13  fraud in violation of 18 U.S.C. § 1343, forfeiture in violation of 18 U.S.C.

14  § 981(a)(1)(C) and 28 U.S.C. § 2461 (c), and tax evasion in violation of 26 U.S.C.

15  § 7201 for devising a scheme to defraud investors to obtain money and property by

16  false and fraudulent pretenses – specifically that their money would be invested in

17  sound effects editing projects.  Upon information and belief, the Academy alleges

18  that Carrington has now pleaded guilty to crimes related to these charges.  As part of

19  his scheme to defraud, Carrington allegedly represented to investors that he was a

20  three-time "©Oscar®" winner.  To make that falsehood seem plausible, he

21  ultimately paid $50,000 to Davidson & Licht to reproduce copies of the "©Oscar®"

22  statuette as props to lure investors to invest money in his purported sound effects

23  design projects.  A true and correct copy of the Criminal Complaint is attached as

24  Exhibit C and is incorporated herein by reference as though set forth at length.

25          16.    Davidson & Licht is owned by Licht.  On information and belief,

26  the Academy alleges that Davidson & Licht promised to manufacture three fake

27  "©Oscar®" statuettes for Carrington for $52,000, and entered into a contract

28  reflecting their agreement.  A true and correct copy of the contract is attached as

1   Exhibit D and is incorporated herein by reference as though set forth at length.
2   Licht and Davidson & Licht kept the manufacture and sale of the counterfeit
3   "©Oscar®" statuettes secret because they knew the "©Oscar®" could not lawfully
4   be copied.  The Academy learned that the infringement had occurred only in
5   August, 2009, and learned their identities only in November 2009.

6          17.    On information and belief, Carrington gave Licht and Davidson
7   & Licht an "©Oscar®" statuette as a sample from which the reproductions would be
8   modeled.  A true and correct copy of the receipt given by Licht and Davidson &
9   Licht upon borrowing the statuette is attached as Exhibit E and is incorporated
10  herein by reference as though fully set forth at length.

11         18.    On information and belief, Licht and Davidson & Licht referred
12  the manufacture of the infringing counterfeit "©Oscar®" statuettes to Varna.
13  Davidson & Licht shipped the "©Oscar®" statuette supplied by Carrington to
14  Chividjian, of Varna, to aid in the manufacture of the counterfeits.  A true and
15  correct copy of the shipping receipt is attached as Exhibit F and is incorporated
16  herein by reference as though set forth at length.  Chividjian and Varna kept the
17  manufacture and sale of the counterfeit "©Oscar®" statuettes secret because they
18  knew the "©Oscar®" could not lawfully be copied.  The Academy learned that the
19  infringement had occurred only in August, 2009, and learned their identities only in
20  November 2009.

21         19.    The Academy alleges, on information and belief, that Varna
22  manufactured at least three counterfeit "©Oscar®"statuettes based on the sample
23  provided by Carrington.  Chividjian and Varna then delivered those statuettes to
24  Carrington and/or Davidson & Licht.

25         20.    On August 6, 2009, the Academy became aware of Carrington's
26  possession of at least one fake "©Oscar®" statuette through an article in the San
27  Francisco Chronicle entitled "Man Who Claimed to Be Oscar Winner Charged."
28  The article stated that Carrington "paid a 'substantial sum' to a Walnut Creek jeweler

-6-

1 to create a fake Academy Award, which he displayed at his home and showed off in

2 pictures."  A true and correct copy of the article is attached as Exhibit G and is

3 incorporated herein by reference as though set forth at length.

4        21.    On or around August 15, 2009, the Academy informed

5 Carrington's counsel that the "©Oscar®" is a work of art copyrighted by the

6 Academy and that only the Academy has the legal right to contract for its production

7 or to distribute it.  The Academy requested that Carrington inform it of the identity

8 of the "Walnut Creek jeweler" used to manufacture the fake "©Oscar®" statuette.

9 Carrington refused to do so.

10        22.    On September 4, 2009, Carrington entered into a plea agreement

11 in the United States District Court, Northern District of California, Oakland

12 Division, for Case No. CR 09-0791-DLJ, in which he stated in part that:

13         a.  From January 2001 and continuing through about
December 2005, I devised and carried out a scheme to
14 defraud investors who invested money with me for the
purpose of designing sound effects.
15

16         b.  To carry out the scheme I represented to
investors that I was a three-time Oscar wining sound
effects designer and that I was well-established in the
17 entertainment industry and had been involved in many
Hollywood productions, when, in fact, this was false.
18

19         c.  To carry out the scheme I paid a substantial sum
to a Walnut Creek, California jeweler to have a
reproduction of an Oscar statuette made for me to use as a
20 prop to support my claims that I was [sic] Hollywood
insider in order to lure investors into investing money with
21 me.

22         d.  In furtherance of my scheme the fake Oscar
statuettes and photographs of me with fake Oscar
23 statuettes were displayed in my home at parties to lure
investors into investing money with me.
24

25 A true and correct copy of Carrington's plea agreement is attached as Exhibit H, and

26 is incorporated herein by reference as though set forth at length.

27        23.    The actions of Carrington, Davidson & Licht, Varna, Licht,

28 Chividjian,  and the Doe Defendants in reproducing, transferring, selling and/or

manufacturing counterfeit "©Oscar®" statuettes in violation of the Academy's intellectual property rights were willful. In fact, the Academy is informed and believes that Carrington informed Licht and Davidson & Licht that he planned to use the counterfeit "©Oscar®" statuettes to lure investors into investing money with him. Further, on information and belief the Academy alleges that Chividjian advised Carrington that the unauthorized reproduction of the statuettes was "not kosher," that the statuettes were the intellectual property of someone else, that "you can have the statues, but you can't reproduce them," and that the reproduction of the statuettes could in fact be illegal. Consistent with their knowledge of the illegal nature of their activities, defendants kept their actions secret from the Academy. The Academy now has no choice but to file suit to protect its valuable intellectual property rights.

## CLAIM FOR RELIEF

(Copyright Infringement — 17 U.S.C. § 106, *et seq.*)

24. The Academy repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 above, as though set forth at length.

25. Defendant Carrington, on information and belief, successfully displayed, transferred, used and aided in the reproduction and manufacture of unauthorized copies of the Academy's copyrighted "©Oscar®" statuette.

26. Defendant Davidson & Licht, acting at Licht's direction, on information and belief, successfully transferred, sold, reproduced, manufactured, and delivered to Carrington in exchange for $52,000, unauthorized copies of the Academy's copyrighted "©Oscar®" statuette.

27. Defendant Varna, acting on Chividjian's instructions, on information and belief, successfully transferred, sold, reproduced, manufactured, and delivered to Carrington in exchange for $52,000, unauthorized copies of the Academy's copyrighted "©Oscar®" statuette.

28.     The defendant Does on information and belief, successfully transferred, sold, reproduced and/or manufactured an unauthorized copy of the Academy's copyrighted "©Oscar®" statuette.

29.     Defendants' acts violated the Academy's exclusive rights under the Copyright Act, including without limitation the Academy's exclusive rights to reproduce its copyrighted works and to create derivative works from its copyrighted works, as set forth in 17 U.S.C. §§ 106 and 501. Defendants' reproduction, manufacture, use and transfer of the Academy's copyrighted "©Oscar®" statuette has been without the Academy's consent and for commercial purposes. Accordingly, defendants have engaged in direct and contributory infringement of the Academy's copyrighted works.

30.     Defendants' wrongful conduct has been willful, deliberate and malicious and without excuse or justification. The Academy is entitled to recover its actual damages and defendants' profits or statutory damages, together with the Academy's costs of suit and attorneys' fees pursuant to 17 U.S.C. § 505, for Defendants' willful infringement.

31.     The Academy has suffered serious injury as a result of the foregoing willful infringement of its copyright.  In addition, the Academy will continue to suffer serious injury if Defendants are not enjoined from selling, auctioning, reproducing, manufacturing, distributing, displaying or otherwise using the "©Oscar®" statuette.  The Academy has no adequate remedy at law for Defendants' acts of infringement.  The Academy is therefore entitled to a preliminary and permanent injunction enjoining Defendants' acts of infringement.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Academy demands judgment:

1.      That, pursuant to 17 U.S.C. § 502, Defendants, as well as all persons acting under the direction, control, permission, or authority of Defendants, or any of them, and all persons acting in concert therewith, be enjoined during the

1  pendency of this action, and permanently thereafter, from directly or indirectly

2  displaying, marketing, distributing, advertising, transferring, selling, auctioning,

3  assigning, pledging, encumbering, hypothecating or in any way disposing of any

4  facsimile, copy, replica, reproduction, picture, or depiction of the "©Oscar®"

5  statuette, or otherwise infringing the Academy's copyright in the "©Oscar®"

6  statuette;

7         2.      That, pursuant to 17 U.S.C. §§ 503 and 509, all displays,

8  facsimiles, copies, replicas, reproductions, pictures, and depictions of the

9  "©Oscar®" statuette in Defendants' possession, custody, or control, and all pre-

10 fabricated displays or kits, molds, matrices or other devices used for assembling,

11 manufacturing, or reproducing the aforesaid items, be impounded or seized and

12 forfeited to the United States;

13         3.      That Defendants pay to the Academy the full costs of this action

14 and the Academy's reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

15         4.      That the Academy recover its actual damages and Defendants'

16 profits or, in the alternative, that the Academy recover statutory damages for willful

17 infringement pursuant to 17 U.S.C. § 504;

18         5.      That the Academy have such other and further relief as the Court

19 deems just and proper.

20

21 DATED:  December 2, 2009          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES. LLP
22

23
                                    By   *David Quinto / JJ*
24                                     David W. Quinto
                                       Attorneys for Academy of Motion Picture
25                                     Arts and Sciences

26

27

28

-10-

1

## DEMAND FOR JURY TRIAL

2
3
4

Plaintiff Academy of Motion Picture Arts and Sciences hereby demands trial by jury pursuant to Fed. R. Civ. Proc. § 38(b) and Civil Local Rule 3-6.

5

6     DATED:  December 2 , 2009          QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES. LLP
7

8                                        By _David Quinto /JJ_____
9                                            David W. Quinto
                                             Attorneys for Academy of Motion Picture
10                                           Arts and Sciences

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

# EXHIBIT A

CLASS   G unp. No. 38512

# Copyright Office
## Of the United States of America
# THE LIBRARY OF CONGRESS
### ★  ★  ★   W A S H I N G T O N   ★  ★  ★

## Certificate of Copyright Registration

**This is to certify,** in conformity with section 55 of the Act to Amend and Consolidate the Acts respecting Copyright, approved March 4, 1909, as amended by the Act approved March 2, 1913, that a photograph or other identifying reproduction of the .................................................................

work of art - sculpture

named herein has been deposited in this Office, under the provision of the Act of 1909, and that registration of a claim to copyright for the first term of twenty-eight years has been duly made in the name of

Academy of Motion Picture Arts and Sciences,

1201 Taft Bldg.,

Los Angeles, Calif.

Title: .. Academy of Motion Picture Arts and Sciences First

Award. (A modernistic "gold knight" ... )

Author of United States.    (2 views)

Copy received ................ Sept. 2, 1941

Entry: Class G., unp., No. 38512

[SEAL]

*C. L. Bouvé*
*Register of Copyrights.*

# EXHIBIT B

Page 3

FORM R



# Certificate of Registration of a Claim to Renewal Copyright

REGISTRATION NO.

R   443432

DO NOT WRITE HERE

This Is To Certify that the statements set forth on this certificate have been made a part of the records of the Copyright Office. In witness whereof the seal of the Copyright Office is hereto affixed.

*Abraham L. Kaminstein*

Register of Copyrights
United States of America



1. Renewal Claimant(s), Address(es), and Statement of Claim:

   (a) Name .... Academy of Motion Picture Arts and Sciences

   Address   9038 Melrose Avenue, Los Angeles, California

   Claiming as ............. Proprietor of copyright in a work made for hire

   (b) Name .........................................................................................

   Address ........................................................................................

   Claiming as ..................................................................................

   (c) Name .........................................................................................

   Address ........................................................................................

   Claiming as ..................................................................................

2. (a) Title:

   ........... Academy of Motion Picture Arts and Sciences First Award

   ..... A modernistic gold knight mounted on a pedestal - known as OSCAR

   (b) Renewable Matter: .........................................................................

   (c) Contribution to Periodical or Other Composite Work: ..........................

   ..................................................................................................................

   (Title of periodical or composite work)

   If a periodical, give: Vol. ..................; No. ...............; Issue ...............; Date ...............

3. Authors of Renewable Matter:

   ........... Academy of Motion Picture Arts and Sciences

4. Facts of Original Registration:

   Original registration number: Class ....... G ...........; No. ... 38512 ..............

   If registered as published, give date of publication ...........................................

   If registered as unpublished, give date of registration ..... September 2, 1941

   Original copyright claimant ..... Academy of Motion Picture Arts and Sciences

   EXAMINER
   BO

   *Complete all applicable spaces on next page*

# EXHIBIT C

Case4:09-cr-00791-DLJ   Document1   Filed08/04/09   Page1 of   Submit by email

AO 257 (Rev. 8/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [ ] COMPLAINT  [X] INFORMATION  [ ] INDICTMENT  [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

─── OFFENSE CHARGED ───

18 U.S.C. § 1343 - Wire Fraud
(5 counts)

(Also See Attached Sheet)

[ ] Petty
[ ] Minor
[ ] Misde- meanor
[X] Felony

PENALTY:

18 U.S.C. § 1343 - 20 years prison, $250,000 fine, 3 years Supervised Release, 100 assessment

─── DEFENDANT - U.S. ───

BRICE CARRINGTON

DISTRICT COURT NUMBER

CR 09   0791   DLJ

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)

INTERNAL REVENUE SERVICE

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. Att'y  [ ] Defense

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on JOSEPH P. RUSSONIELLO
THIS FORM
[X] U.S. Att'y  [ ] Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   THOMAS MOORE, AUSA, TAX DIV.

─── DEFENDANT ───

**IS NOT IN CUSTODY**

1) [ ] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) [ ] On this charge

5) [ ] On another conviction

6) [ ] Awaiting trial on other charges  } [ ] Fed'l  [ ] State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  [ ] Yes  [ ] No   If "Yes" give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

[ ] This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
[ ] SUMMONS  [X] NO PROCESS*  [ ] WARRANT   Bail Amount: _____

If Summons, complete following:
[ ] Arraignment  [ ] Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:



Attachment to Information Penalty Sheet
BRICE CARRINGTON

26 U.S.C. § 7201 - Tax Evasion (4 Counts)

- 5 years prison
- $250,000 fine
- 3 years supervised release
- $100 special assessment

CR 09     0791

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 - Forfeiture (1 Count)

2003 Lamborghini Murcielago, VIN number ZA9BC10U33LA12504;
2005 Hummer H2, VIN number 5GRGN23U45H132504;
2006 Mercedes SL500R, VIN number WDBSK75F86F111893.

1  JOSEPH P. RUSSONIELLO
   United States Attorney
2
3      E-filing
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10                      OAKLAND DIVISION
11  UNITED STATES OF AMERICA,           No. CR    0791 DLJ
12            Plaintiff,              )  VIOLATIONS:
                                      )
13        v.                          )  18 U.S.C. § 1343 - Wire Fraud (5 Counts);
                                      )  18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §
14  BRICE CARRINGTON                  )  2461 - Forfeiture (1 Count); 26 U.S.C. § 7201
                                      )  Tax Evasion (4 Counts)
15            Defendant.              )
                                      )
16                                    )  OAKLAND VENUE
17                    I N F O R M A T I O N
18  The United States Attorney charges:
19                      BACKGROUND
20      At all times relevant to this Indictment:
21      1.    BRICE CARRINGTON resided in Alameda County, California.
22      2.    BRICE CARRINGTON held and was in control of account number xxxxxx-
23  20463 at Bank of America in San Ramon, California.
24          THE SCHEME TO DEFRAUD INVESTORS
25      3.    Beginning at an time unknown, but no later than in or about January 2001 and
26  continuing through about December 2005, in the Northern District of California and elsewhere,
27  the defendant,
28  ///

1              BRICE CARRINGTON,

2   did knowingly and intentionally devise a scheme and artifice to defraud as to a material matter,

3   and to obtain money and property by means of materially false and fraudulent pretenses,

4   representations, promises, and omissions, knowing that the pretenses, representations, promises,

5   and omissions were false and fraudulent when made.

6      MANNER AND MEANS OF THE SCHEME TO DEFRAUD THE INVESTORS

7        4.        As part of the scheme to defraud investors, and in order to induce investors to give

8   money to him, CARRINGTON engaged in certain conduct and made certain material false

9   representations, promises, and omissions, including, but not limited to, the following:

10            a.        CARRINGTON represented to investors that he was a three-time Oscar

11   winning sound effects designer who was well-established in the entertainment industry and had

12   been involved in many Hollywood productions, when, in fact, this was false.

13            b.        CARRINGTON, in furtherance of this representation, paid a substantial

14   sum to a well-known Walnut Creek, California jeweler to have a reproduction of an Oscar

15   statuette made for use as a prop to support his claims to being a Hollywood insider for the

16   purpose of luring investors into investing money with him.

17            c.        CARRINGTON, in furtherance of this scheme, displayed in his home at

18   parties the fake Oscar statuettes and photographs of him with these fake Oscar statuettes to lure

19   investors into investing money with him.

20            d.        CARRINGTON, in furtherance of his scheme purchased, with investors

21   money and without their knowledge, a Lamborghini Murcielago, a Hummer H2 and a Mercedes

22   SL500R which he used as props to lure investors into investing money with him.

23            e.        CARRINGTON entered into written and oral agreements with at least ten

24   investors and promised them double and even treble returns on various sound effects design

25   projects.

26            f.        The agreements CARRINGTON had with his investors did not allow for

27   the use of the investors' funds towards CARRINGTON'S personal expenses, but

28   CARRINGTON, in fact, used a substantial portion of the investors' funds towards his personal

Information
No. CR                                    2

1  expenses.

2  COUNTS ONE THROUGH FIVE: (18 U.S.C. § 1343 – Wire Fraud)

3       5.     Paragraphs 1 through 4 are re-alleged as if fully set forth herein.

4       6.     On or about the dates set forth below, in the Northern District of California, and

5  elsewhere, for the purpose of executing the material scheme to defraud the investors and to

6  obtain money by materially false and fraudulent pretenses, representations, promises, and

7  omissions, the defendant,

8                           BRICE CARRINGTON,

9  did knowingly transmit and cause to be transmitted the following wire communications in

10  interstate commerce:

| COUNTS | DATE | MONETARY TRANSACTION |
|--------|------|----------------------|
| ONE | 08/19/04 | L.S. wired $25,000 from her Bank One Acct. #xxxxx00013 in Chicago, Illinois to Bank of America Acct. # xxxxxx-20463 in San Ramon, California |
| TWO | 08/19/04 | T.B. wired $25,000 from his Union Planters National Bank Acct. #xxxxx00084 in Memphis, Tennessee to Bank of America Acct. # xxxxxx-20462 in San Ramon, California |
| THREE | 08/19/04 | A.H. wired $50,000 from her UBS Financial Services Acct. #xxxxx07993 in Weehawken, New Jersey to Bank of America Acct. # xxxxxx-20463 in San Ramon, California |
| FOUR | 08/19/04 | L.S. wired $50,000 from her First National Bank of Oelwin Acct. #xxxxx01558 in Oelwin, Iowa to Bank of America Acct. # xxxxxx-20463 in San Ramon, California |
| FIVE | 08/27/04 | G.M. wired $81,000 from his Suntrust Bank Account Acct. #xxxxx00104 in Atlanta, Georgia to Bank of America Acct. # xxxxxx-20463 in San Ramon, California |

25       Each in violation of Title 18, United States Code, Section 1343

26  FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.§ 2461(c) Forfeiture)

27       7.     The allegations of Counts One through Five of this Indictment are re-alleged and

28  by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the

Information
No. CR                           3

1 | provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461(c).

2 |        8.     Upon a conviction of any of the offenses alleged in Counts One through Five, the

3 | defendant,

4 | <div align="center">**BRICE CARRINGTON,**</div>

5 | shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C),

6 | all right, title, and interest in property, real and personal, involved in said violation or any

7 | property traceable to such property, including, but not limited to, the following:

8 |        a.     A model year 2003 Lamborghini Murcielago, VIN number

9 | ZA9BC10U33LA12504;

10 |        b.     A model year 2005 Hummer H2, VIN number 5GRGN23U45H132504;

11 |        c.     A model year 2006 Mercedes SL500R, VIN number

12 | WDBSK75F86F111893.

13 |        9.     If, as a result of any act or omission of the defendant, any of the said property

14 |        a.     cannot be located upon the exercise of due diligence;

15 |        b.     has been transferred to, sold to, or deposited with, a third person;

16 |        c.     has been placed beyond the jurisdiction of the Court;

17 |        d.     has been substantially diminished in value; or

18 |        e.     has been commingled with other property which cannot be divided without

19 | difficulty; any and all interest defendant has in any other property (up to the value of the property

20 | identified in paragraph 8) shall be forfeited to the United States, pursuant to Title 21, United

21 | States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

22 |      All in violation of Title 18, United States Code, Section 981(a)(1)(C)and Rule 32.2 of the

23 | Federal Rules of Criminal Procedure.

24 | <u>COUNT SIX:</u> (26 U.S.C. § 7201 -- Tax Evasion)

25 |        10.    That on or about September 2, 2003, in the Northern District of California, the

26 | defendant,

27 | <div align="center">**BRICE CARRINGTON,**</div>

28 | then a resident of Pleasanton, California, who during the calendar year 2002 was married, did

1  willfully and knowingly attempt to evade and defeat a part of the income tax due and owing by

2  him and his spouse to the United States of America for the calendar year 2002 by preparing,

3  signing, and delivering, and causing to be prepared, signed and delivered, a false and fraudulent

4  joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which

5  return was filed with the Internal Revenue Service, wherein it was stated that the tax due and

6  owing to the United States for the calendar year 2002 was zero dollars, whereas, as he then and

7  there well knew and believed, their joint taxable income for the said calendar year was

8  substantially in excess of that stated on said return and that upon said additional joint taxable

9  income a substantial additional tax was due and owing to the United States of America.

10      In violation of Title 26, United States Code, Section 7201.

11  COUNT SEVEN: (26 U.S.C. § 7201 – Tax Evasion)

12      11.     That on or about October 11, 2004, in the Northern District of California, the

13  defendant,

14                          BRICE CARRINGTON,

15  a resident of Pleasanton, California, who during the calendar year 2003 was married, did willfully

16  and knowingly attempt to evade and defeat a part of the income tax due and owing by him and

17  his spouse to the United States of America for the calendar year 2003 by preparing, signing, and

18  delivering, and causing to be prepared, signed and delivered, a false and fraudulent joint U.S.

19  Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which return

20  was filed with the Internal Revenue Service, wherein it was stated that the tax due and owing to

21  the United States for the calendar year 2003 was zero dollars, whereas, as he then and there well

22  knew and believed, their joint taxable income for the said calendar year was substantially in

23  excess of that stated on said return and that upon said additional joint taxable income a

24  substantial additional tax was due and owing to the United States of America

25      In violation of Title 26, United States Code, Section 7201.

26  COUNT EIGHT: (26 U.S.C. § 7201 – Tax Evasion)

27      12.     That on or about the October 14, 2005, in the Northern District of California, the

28  defendant,

1                             BRICE CARRINGTON,

2 a resident of Pleasanton, California, who during the calendar year 2004 was married, did willfully

3 and knowingly attempt to evade and defeat a part of the income tax due and owing by him and

4 his spouse to the United States of America for the calendar year 2004 by preparing, signing, and

5 delivering, and causing to be prepared, signed and delivered, a false and fraudulent joint U.S.

6 Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which return

7 was filed with the Internal Revenue Service, wherein it was stated that the tax due and owing to

8 the United States for the calendar year 2004 was $1,578.00, whereas, as he then and there well

9 knew and believed, their joint taxable income for the said calendar year was substantially in

10 excess of that stated on said return and that upon said additional joint taxable income a

11 substantial additional tax was due and owing to the United States of America.

12         In violation of Title 26, United States Code, Section 7201.

13 COUNT NINE: (26 U.S.C. § 7201 – Tax Evasion)

14         13.     That on or about the October 20, 2006 in the Northern District of California, the

15 defendant,

16                             BRICE CARRINGTON,

17 a resident of Pleasanton, California, who during the calendar year 2005 was married, did willfully

18 and knowingly attempt to evade and defeat a part of the income tax due and owing by him and

19 his spouse to the United States of America for the calendar year 2005 by preparing, signing, and

20 delivering, and causing to be prepared, signed and delivered, a false and fraudulent joint U.S.

21 Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which return

22 was filed with the Internal Revenue Service, wherein it was stated that the tax due and owing to

23 the United States for the calendar year 2005 was zero dollars, whereas, as he then and there well

24 knew and believed, their joint taxable income for the said calendar year was substantially in

25 excess of that stated on said return and that upon said additional joint taxable income a

26 substantial additional tax was due and owing to the United States of America.

27 ///

28 ///

Information
No. CR                               6

1    In violation of Title 26, United States Code, Section 7201.

2                                          JOSEPH P. RUSSONIELLO
                                           United States Attorney
3

4    Dated:  8-4-09

5                                          BRIAN   STRETCH
                                           Chief, Criminal Section
6    Approved as to Form

7

8    THOMAS MOORE
     Assistant United States Attorney
     Chief, Tax Division
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Information
No. CR                                     7

# EXHIBIT D

Redact Redact

*Davidson & Licht* 645737

• FINE JEWELERS SINCE 1914 •

WALNUT CREEK • 1268 Broadway Plaza • 94596 • (925) 935-0940
SANTA CLARA • 1039 Valley Fair Shopping Center • 95050 • (408) 247-1767

☐ CS
☐ COD
☐ PMY

ACCT _____

NAME *Brice Carrington*    DATE 3-28-06

ADDRESS 1089 Via Di Salerno  E1091 9243

CITY Pleasanton ZIP 06    WK PH _____

| SOLD BY | ☐ M/C ☐ AMEX ☐ DINERS ☐ VISA ☐ DISC | ☐ CASH ☐ ON BOK | CHECK NO. | AMOUNT REC'D 15000 00 |
| JL | | | | |

| DESCRIPTION | STOCK NO. | PRICE |
|---|---|---|
| see attached | | |
| compras | | 52,000 |
| | tax | 4290 |
| * client to preview + approve | | |
| 1st piece before | | |
| completion of the | | 56,290 |
| other 20 | | |
| stone dia = 20 ... | | |
| dias #2 + #3 @ 10 mm/ea = 20 ... | | |

ADDITIONAL TERMS AND CONDITIONS
ON THE REVERSE

EXCHANGES OR REFUNDS WITHIN 14 DAYS
PROVIDED MERCHANDISE HAS NOT BEEN
WORN, ALTERED OR SPECIAL ORDERED.

| | |
|---|---|
| TOTAL | |
| DEPOSIT | 15000 00 |
| CREDITS | |
| BALANCE DUE | 41,290 |

X _____
CUSTOMER'S SIGNATURE

T.V.
RADIO
MAGAZINE

Redact    Redact    Redact

# EXHIBIT E

Redact

Redact

**PICK UP DATE**

*Davidson & Licht*
1266 Broadway Plaza
Walnut Creek, CA 94596
(925) 895-0940

**WC-418183**

Name: Brice Carrington
Address: 1059 Via Di Salerno
City: Pleasanton   State:   ZipCode: 94566
Phone #: 510 919 2437

Sketch

Customer's Estimate of Value $ 20,000

| WATCH | Lds | Gts 2T | JEWELRY | Lds | Gts 2T |
|-------|-----|--------|---------|-----|--------|
| Hallmarked | | | Str. mm | Clr Color | |

ear  Gold-plated
is  Oscar

| New | Normal Wear | Heavy Wear | Badly Damaged | T |
|-----|-------------|------------|---------------|---|

Instructions: _____ Detailed Intr.
_____
start  by  making
one  sample for
suit  approval

The descriptions and values of article(s) listed above are mine alone. Any damage or loss is limited to the actual cost of repair or replacement, not to exceed the value listed above. When no value is listed it is agreed the value is no greater than $75.00. I further understand that the store is not responsible in any way for items left over 90 days. I have read, had my questions answered and understand this disclaimer of liability and I agree to be bound by all of its terms and conditions.

Client Authorization  Date: 3-28-06  Charges $ COD

# EXHIBIT F

Redact        Redact        Redact

Redact

Redact



**BRINKS**
1-800-5-BRINKS

ASN Number
1000-2276950

Billing Account #
From (Company): D&L
Street Address: 1358 Broadway Plaza
City: Walnut Creek  State: CA  Zip: 94596
Shipper's Name: Doris Chung
Phone #: (925) 935-0440

To (Company): Varna
Street Address: 635 South Hill St. Ste. 500
City: Los Angeles  State: CA  Zip: 90014
Phone #: (213) 891-1376

Weight in Pounds: 7

Please indicate value for the shipment in the box below:
$ 2,010,000.00

RECEIVED IN GOOD ORDER (BY NAME)
Szabi Varna
Signature:

For Securities
Please Circle One: CLASS I  CH  CLASS II

Brink's Signature: 04/28
Date: 3-29  Pieces

SHIPPER

SEE PART 1 AND PART 2 FOR CONDITIONS OF CONTRACT.
PRESS HARD, YOU ARE MAKING SIX(6) COPIES.

(800) 1000-2276950

# EXHIBIT G

Man who claimed to be Oscar winner charged                                    Page 1 of 1

advertisement | your ad here

The Great California
ShakeOut  GET PREPARED
EARTHQUAKE DRILL
10/15 at 10:15 AM
CEA

home of the

Home Delivery | Subscriber Services

[SEARCH]  ⊙ SFGate ○ Web Search by YAHOO! | Advanced Search                Sign In | Register

Technology   Markets   Small Business   Chron 200   Real Estate

## Man who claimed to be Oscar winner charged

Henry K. Lee, Chronicle Staff Writer
Thursday, August 6, 2009

🖨 PRINT  ✉ E-MAIL  ⇙ SHARE  💬 COMMENTS (88)        🄰 FONT | SIZE ⊟ ⊞

**(08-05) 17:31 PDT –** A Pleasanton man who falsely claimed he was a three-time Oscar-winning sound designer has been charged in federal court with defrauding investors of more than $3 million in an investment scheme.

GET QUOTE

Enter Symbol  [GO]

Symbol Lookup

MORE BUSINESS
- **FINRA fines Citigroup $600K over tax trading plans** 10.12.09
- **American is first woman to win Nobel in economics** 10.12.09
- **Chicago Cubs file Chapter 11 to speed team's sale** 10.12.09

Brice Carrington, 46, will appear today in U.S. District Court in Oakland to be arraigned on five counts of wire fraud and four counts of tax evasion. Federal prosecutors said in court documents that he masterminded a scheme in which he promised at least 10 investors "double and even treble returns on various sound-effects design projects."

Carrington's attorney, Randy Sue Pollock, did not respond to requests for comment Wednesday.

Carrington, born Antonio Wilson, is accused of defrauding victims of at least $3.3 million, Internal Revenue Service Agent Maya Raichbart wrote in a recently unsealed affidavit.

Carrington allegedly lured investors by spinning a series of yarns, claiming he had won three Oscars and had an "extensive background in sound for motion pictures," with ties to the Academy of Arts and Sciences, Raichbart wrote. He also falsely claimed that he had worked on films like "King Kong," "Jurassic Park," "Snakes on a Plane" and "Spider-Man," authorities said.

Carrington, in fact, paid a "substantial sum" to a Walnut Creek jeweler to create a fake Academy Award, which he displayed at his home and showed off in pictures, officials said.

Two alleged victims wired Carrington $25,000 each, two $50,000 each and one man wired $81,000, investigators said.

Carrington later admitted that he had made misleading and incorrect statements. In a statement in 2007, he wrote, "I commemorate the Oscars by creating a version of the main characters in films that win Oscars."

Authorities are seeking forfeiture of Carrington's 2003 Lamborghini Murcielago, a 2005 Hummer H2 and a 2006 Mercedes SL500R. He bought the cars, together worth more than $490,000, with investors' money and used them as props to lure other investors, authorities said.

Carrington also used the proceeds to pay the mortgage on his $2.65 million home on Via Di Salerno in a gated community on the grounds of the Ruby Hill Golf Club in Pleasanton, and for personal expenses, authorities said.

Carrington has a previous forgery conviction in San Diego and a larceny conviction in Dallas, court records show.

*E-mail Henry K. Lee at hlee@sfchronicle.com.*

*This article appeared on page C - 1 of the San Francisco Chronicle*

# EXHIBIT H

**FILED**

FILED

SEP 0 4 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney

2

3  BRIAN J. STRETCH (CSBN 163973)
   Chief, Criminal Division

4  Thomas Moore  (ASBN 4305-O78T)
   Assistant United States Attorney

5

6  450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7017
7  Fax: (415) 436-6748

8  Attorneys for the United States of America

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11  OAKLAND DIVISION

12  UNITED STATES OF AMERICA,              No.  CR 09-0791-DLJ

13          Plaintiff,                     PLEA AGREEMENT

14              v.

15  BRICE CARRINGTON,

16          Defendant.

17

18          I, BRICE CARRINGTON, and the United States Attorney's Office for the Northern

19  District of California (hereafter "the government") enter into this written plea agreement (the

20  "Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

21  The Defendant's Promises

22          1.      I agree to plead guilty to count five of the captioned information charging me with

23  Wire Fraud, in violation of 18 U.S.C. § 1343.  I agree that the elements of the offense are as

24  follows: (1) I knowingly devised a scheme to defraud for obtaining money or property by means

25  of false or fraudulent pretenses, representations or promises; (2) I made false statements as part

26  of the scheme that were material; (3) I used the wires in interstate commerce in furtherance of the

27  scheme; (4) I had an intent to defraud.  I agree that the maximum penalties are as follows:

28  ///

| | | | |
|---|---|---|---|
| 1 | a. | Maximum prison sentence | 20 years |
| 2 | b. | Maximum fine | $250,000 |
| 3 | c. | Maximum supervised release term | 3 years |
| 4 | d. | Forfeiture | |

5    I agree to plead guilty to count seven of the captioned indictment charging me with Tax

6  Evasion, in violation of 26 U.S.C. § 7201. I agree that the elements of the offense are as follows:

7  (1) I knowingly and willfully (2) made an affirmative attempt to evade income taxes for the year

8  2003 and (3) I knew that I owed more tax than I reported was due on my income tax return for

9  the year 2003. I agree that the maximum penalties are as follows:

| | | | |
|---|---|---|---|
| 10 | a. | Maximum prison sentence | 5 years |
| 11 | b. | Maximum fine | $250,000 |
| 12 | c. | Maximum supervised release term | 3 years |

13    I understand that, because I am pleading guilty to more than one count, the Court may

14  order the sentences on those counts to run consecutively.

15    2.    I agree that I am guilty of the offenses to which I will plead guilty, and I agree that

16  the following facts are true:

17      a.    From January 2001 and continuing through about December 2005, I

18  devised and carried out a scheme to defraud investors who invested money with me for the

19  purpose of designing sound effects.

20      b.    To carry out the scheme I represented to investors that I was a three-time

21  Oscar winning sound effects designer and that I was well-established in the entertainment

22  industry and had been involved in many Hollywood productions, when, in fact, this was false.

23      c.    To carry out the scheme I paid a substantial sum to a Walnut Creek,

24  California jeweler to have a reproduction of an Oscar statuette made for me to use as a prop to

25  support my claims that I was Hollywood insider in order to lure investors into investing money

26  with me.

27      d.    In furtherance of my scheme the fake Oscar statuettes and photographs of

28  me with fake Oscar statuettes were displayed in my home at parties to lure investors into

PLEA AGREEMENT
No. CR 09-0791 DLJ                                    2

1   investing money with me.

2       e.      To further my scheme I purchased, with investors money and without their

3   knowledge, a Lamborghini Murcielago, a Hummer H2 and a Mercedes SL500R which I used as

4   props to lure investors into investing money with him.

5       f.      To further my scheme I entered into written and oral agreements with at

6   least ten investors and promised them double and even treble returns on various sound effects

7   design projects.

8       g.      Although the agreements I had with my investors did not allow me to use

9   the investors' funds for my personal expenses, I used a substantial portion of the investors' funds

10  towards my personal expenses.

11      h.      Between 2001 and 2005, I received approximately $4,042,480 from

12  investors, but I used no more than $430,000 of those funds towards designing sound effects.  As

13  a result of my participating in this scheme to defraud, as discussed herein and alleged in the

14  information, I earned no less than $3,612,480 in illegally derived proceeds.

15      i.      On August 27, 2004, as part of the scheme I devised to defraud investors, I

16  caused G.M. to make an interstate wire of $81,000 from his account at Suntrust Bank in Georgia

17  to my account at Bank of America in California.

18      j.      On October 11, 2004 when I was a resident of Pleasanton, California (I am

19  currently a resident of Ojai, California) and when I filed my Form 1040 for the year 2003, I knew

20  that I should have reported all of my gross receipts (an additional $581,500)  and taxable income

21  on the return and that I owed additional income taxes of $141,897 on the unreported amounts and

22  was required to pay that amount to the IRS.   Instead, I filed the false Form 1040 for the 2003 tax

23  year reporting zero taxes owed to evade my true and correct tax liabilities.

24      3.      I agree to give up all rights that I would have if I chose to proceed to trial,

25  including the rights to a jury trial with the assistance of an attorney; to confront and

26  cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or

27  raise any other Fourth or Fifth Amendment claims; to any further discovery from the

28  government, and to pursue any affirmative defenses and present evidence.

PLEA AGREEMENT
No. CR 09-0791 DLJ                              3

1        4.    I agree to give up my right to appeal my convictions, the judgment, and orders

2    of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence,

3    including any orders relating to forfeiture and/or restitution.

4        5.    I agree to waive any right I may have to file any collateral attack on my

5    convictions or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or

6    motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim

7    that my constitutional right to the effective assistance of counsel was violated.

8        6.    I agree not to ask the Court to withdraw my guilty pleas at any time after they are

9    entered unless the Court declines to accept the sentence agreed to by the parties. I agree that the

10   government may withdraw from this Agreement if the Court does not accept the agreed upon

11   sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out

12   below, the statute of limitations shall be tolled from the date I signed the plea agreement until

13   the date the Court does not accept the plea agreement. I further agree not to ask the Court for a

14   continuance of my sentencing hearing without the consent of the government.

15       7.    I agree that my sentence should be calculated pursuant to the 2001 Sentencing

16   Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult

17   those Guidelines and take them into account when sentencing, together with the factors set forth

18   in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as

19   follows and that I will not ask for any other adjustment to or reduction in the offense level or for

20   a downward departure from the Guidelines range:

21       a.    Base Offense Level, U.S.S.G. §2B1.1 (6 plus 18)    24

22       b.    Specific offense characteristics, U.S.S.G. §2B1.1(b)(2)(A)  2

23       c.    Amount of loss:    $4,042,480

24       d.    Acceptance of Responsibility:   If I meet the requirements

25       of  U.S.S.G. § 3E1.1, I may be entitled to a three level
     reduction for acceptance of responsibility, provided that I

26       forthrightly admit my guilt, cooperate with the Court and
     the Probation Office in any presentence investigation

27       ordered by the Court, and continue to manifest an
     acceptance of responsibility through and including the

28       time of sentencing.    -3

PLEA AGREEMENT
No. CR 09-0791 DLJ    4

e.    Adjusted offense level:                                    23

8.    I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553(a), and the sentence to which the parties have agreed, is as follows: if the Court determines my Criminal History category is I, a 48 month term of imprisonment; 3 years of supervised release (with conditions to be fixed by the Court), a fine within Sentencing Guideline 23, $200 special assessment and $4,184,367 restitution.

I agree that, regardless of any other provision in this Agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offenses or the sentencing decision. I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

9.    I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in paragraphs 12 through 14 below, but I will not be released from my guilty pleas.

10.    I agree to forfeit my interest in the following property (hereinafter "subject property"):

a.    A model year 2003 Lamborghini Murcielago, VIN number ZA9BC10U33LA12504;

PLEA AGREEMENT
No. CR 09-0791 DLJ                                    5

1      b.    A model year 2005 Hummer H2, VIN number 5GRGN23U45H132504;

2      c.    A model year 2006 Mercedes SL500R, VIN number WDBSK75F86F111893.

3      I admit that the subject property was purchased from the proceeds of the scheme I devised

4 to defraud investors, and thus forfeitable to the United States pursuant to the provisions of 18

5 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and the procedures outlined in Rule 32.2 of the

6 Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853. I relinquish

7 any and all right, title, and interest I may have in the subject property and agree that such right,

8 title and interest can be forfeited to the United States without further notice to me. I further

9 agree not to assist any other individual in any effort to falsely contest their forfeiture. I further

10 agree to waive all constitutional and statutory challenges in any manner (including direct appeal,

11 habeas corpus, or any other means) to any forfeiture (administrative or judicial) carried out in

12 accordance with this Plea Agreement on any grounds, including that the forfeiture

13 (administrative, civil or criminal) constitutes an excessive fine or punishment and statute of

14 limitations.

15      11.    I agree that this Agreement contains all of the promises and agreements between

16 the government and me, and I will not claim otherwise in the future.

17      12.    I agree that this Agreement binds the U.S. Attorney's Office for the Northern

18 District of California only, and does not bind any other federal, state, or local agency.

19 The Government's Promises

20      13.    The government agrees to move to dismiss any open charges pending against the

21 defendant in the captioned indictment at the time of sentencing.

22      14.    The government agrees not to file any additional charges against the defendant

23 that could be filed as a result of the investigation that led to the captioned indictment.

24      15.    Assuming the Court determines that the defendant's Criminal History Category is

25 I, the government agrees that the reasonable and appropriate sentence in this case should be as set

26 forth in paragraph 8 above, unless the defendant violates the Agreement as set forth in paragraphs

27 8 through 9 above or fails to accept responsibility.

28 The Defendant's Affirmations

1       16.    I confirm that I have had adequate time to discuss this case, the evidence, and this

2    Agreement with my attorney, and that she has provided me with all the legal advice that I

3    requested.

4       17.    I confirm that while I considered signing this Agreement, and at the time I signed

5    it, I was not under the influence of any alcohol, drug, or medicine.

6       18.    I confirm that my decision to enter a guilty plea is made knowing the charges that

7    have been brought against me, any possible defenses, and the benefits and possible detriments of

8    proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no

9    one coerced or threatened me to enter into this Agreement.

10

11    Dated:  _9.4.09_

12                                       BRICE CARRINGTON
                                       Defendant

13                                       JOSEPH P. RUSSONIELLO
                                       United States Attorney

14    Dated:  _9/4/9_

15                                         THOMAS MOORE
                                       Assistant United States Attorney

16                                       Chief, Tax Division

17       I have fully explained to my client all the rights that a criminal defendant has and all the

18    terms of this Agreement. In my opinion, my client understands all the terms of this Agreement

19    and all the rights he is giving up by pleading guilty, and, based on the information now known to

20    me, his decision to plead guilty is knowing and voluntary.

21    Dated:  _9|4|09_

22                                         RANDY SUE POLLOCK
                                       Attorney for Defendant

23

24

25

26

27

28

PLEA AGREEMENT
No. CR 09-0791 DLJ               7